UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CIV-81095-BLOOM/Valle

CANOPIUS US INSURANCE, INC.,

    Plaintiffs,

v.

PRESTIGE GENERAL CLEANING
SERVICES, INC., CONSULTANTS FOR
CONSTRUCTION COMPANY,
ELIZABETH BIERBAUM AND JEROME
BIERBAUM,

    Defendants.
_____/

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANTS' MOTIONS TO DISMISS**

**THIS CAUSE** came before the Court on Defendant Prestige General Cleaning Services, Inc.'s ("Defendant") Motion to Dismiss, ECF No. [8] (the "Motion"). The Court has reviewed the Motion, all supporting and opposing filings, and the record in this case, and is otherwise fully advised as to the premises. For the reasons set forth below, the Court denies the Motion.

**I.    BACKGROUND**

Defendant seeks dismissal of Plaintiff Canopius US Insurance, Inc.'s ("Plaintiff") Complaint, ECF No. [1], pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction on the grounds that Plaintiff has failed to meet the $75,000 amount-in-controversy requirement. Plaintiff filed its four-count Complaint for declaratory judgment on August 20, 2014, seeking a declaration from this Court that Plaintiff has no obligations to provide coverage to Defendant for claims arising from a state court action. Compl. ¶ 1. The underlying state court plaintiffs sued Defendant (and another party) in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida seeking to recover for the costs to repair allegedly

defective hardwood floor installation work as well as the costs to test and remediate mold damages and for storage and lodging costs while the corrective work was being performed. *Id*. ¶ 10. Plaintiff asserts that jurisdiction is proper here pursuant to 28 U.S.C. § 1332 based on the parties' diversity of citizenship and because the amount-in-controversy exceeds the sum or value of $75,000. *Id*. ¶ 7.

## II.  DISCUSSION

"Federal courts are courts of limited jurisdiction." *Burns v. Windsor Ins., Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). "In order to invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citing 28 U.S.C. § 1332). Here, Plaintiff meets the $75,000 amount-in-controversy requirement for diversity jurisdiction.

### A.  Rule 12(b)(1) Analysis

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "A 'factual attack,' on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings." *Kuhlman v. United States*, 822 F. Supp. 2d 1255, 1256-57 (M.D. Fla. 2011) (citing *Lawrence*, 919 F.2d at 1529); *see Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) ("By contrast, a

factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony."). Defendant here has posed a factual attack on the Court's jurisdiction.

"[I]n a factual attack, the presumption of truthfulness afforded a plaintiff under Federal Rule of Civil Procedure 12(b)(6) does not attach, and the court is free to weigh the evidence." *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999). That is, the court may look beyond the four corners of the complaint so long as they relate to jurisdictional issues, hear conflicting evidence and decide the factual issues that determine jurisdiction. *Lawrence*, 919 F.2d at 1529; *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991). Further, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010).

Typically, dismissal for failure to meet the amount-in-controversy requirement is appropriate only "where the pleadings make it clear to a legal certainty that the claim is really for less than the jurisdictional amount." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citations omitted); *see also Burlington Ins. Co. v. Brown*, 2013 WL 3470724, at *2 (M.D. Fla. July 10, 2013) ("Generally, the Court accepts that the amount in controversy has been satisfied when the plaintiff claims a sufficient sum in good faith, absent facts demonstrating to a legal certainty that the claim is really for less than the jurisdictional amount."). However, "where jurisdiction is based on a claim for indeterminate damages, the [] 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mut. Ins.*, 329 F.3d at 807. "Although Plaintiff bears the

burden of establishing the amount-in-controversy requirement, this burden is not onerous.  It merely requires that Plaintiff convince [the] Court that it is more likely than not that the pleading satisfies the jurisdictional minimum."  *Company Prop. & Cas. Ins. Co. v. Metal Roofing Sys.*, 2013 WL 5770730, at *3 (S.D. Fla. Oct. 24, 2013).

### B. Application to Declaratory Action in Insurance Context

"When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective."  *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000) (citation omitted); see also *Hartford Ins. Grp. v. Lou-Con Inc.,* 293 F.3d 908, 910 (5th Cir. 2002) (amount-in-controversy in an action for declaratory relief is "the value of the right to be protected or the extent of the injury to be prevented").  In the insurance context, the "'value of the right to be protected' is the 'plaintiff's potential liability under the policy,' plus potential attorneys' fees, penalties, statutory damages and punitive damages."  *Prime Ins. Syndicate, Inc. v. Soil Tech Distributors, Inc.*, 2006 WL 1823562, at *3 (M.D. Fla. June 30, 2006). (quoting *Hartford Ins.*, 293 F.3d at 912 and *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998).

"In an action by an insurance company seeking a court's declaration that it has no duty to defend or indemnify its insured in an underlying lawsuit, a court examines the following factors to determine the amount in controversy:  (1) the coverage limits under the insurance policy; (2) the amount of damages sought in the underlying lawsuit; and (3) the pecuniary value of the obligation to defend the underlying lawsuit."  *Clarendon Am. Ins. Co. v. Miami River Club, Inc.*, 417 F. Supp. 2d 1309, 1316 (S.D. Fla. 2006) (clarifying that the list of factors is non-exclusive); *see also Dairyland Ins. Co. v. Chadwick*, 2008 WL 912428, at *3 (M.D. Fla. Apr. 1, 2008) (reciting same factors).

Defendant challenges the Court's jurisdiction on the basis of the claim for damages in the underlying state court action. In that case, the state court plaintiffs submitted an itemized claim for damages to the co-defendants, stating a claim for damages totaling $53,752.72. *See* ECF No. [8-1] (the "Letter"). Defendant therefore argues that this case cannot meet or exceed the $75,000 threshold.

First, the policy limits on the insurance policy issued by Plaintiff to Defendant are $1,000,000 per occurrence and $2,000,000 in the aggregate, Compl. ¶ 11; ECF No. [1-7] (Policy), which clearly exceeds the jurisdictional limit. Again, the focus of the amount-in-controversy inquiry here is Plaintiff's potential liability under the Policy.[1]

Second, the $53,752.72 figure quoted by Defendant understates the total damages potentially at play in the underlying action. While the Letter states that "the majority of the work" giving rise to the claim "has been performed," it acknowledges that additional repair and other costs may be incurred. Clearly, $53,752.72 is the floor, not the ceiling. More significantly, it states that the state court plaintiffs "are entitled to recover their court costs and the attorneys' fees that they have incurred," which alone can reasonably make up the twenty-some-odd thousand dollars between the repair costs and the jurisdictional requirement.

Finally, the value of this action from Plaintiff's perspective includes the costs of its obligation to defend the underlying lawsuit. That is, Plaintiff's exposure here includes its defense costs below. That amount also reasonably raises the total value of this action to or above the statutory amount-in-controversy limit. *See, e.g., Dairyland*, 2008 WL 912428, at *3 (concluding that jurisdiction was proper where insurer's costs of defense could foreseeably exceed the $35,000 gap between the underlying damages claim and the $75,000 limit).

---

[1] The two million dollar cap also means that the total damages here are not "indeterminate." Regardless, as detailed here and below, Plaintiff has met the jurisdictional amount by a preponderance of the evidence.

Taken together, the facts as alleged in the Complaint and as made clear from the other documentary evidence presented to the Court demonstrate that Plaintiff has met the amount-in-controversy requirement for diversity jurisdiction here.

### III.  CONCLUSION

For the foregoing reasons, this Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a). Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss, **ECF No. [8]**, is **DENIED**.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, this 8th day of December, 2014.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record